**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL J. STERNQUIST, | : | **HON. JEROME B. SIMANDLE** |
| Petitioner, | : | Civil No. 11-3197 (JBS) |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    MICHAEL J. STERNQUIST, #44404-061
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner Pro Se

**SIMANDLE, District Judge**

    1.  On June 3, 2011, Michael J. Sternquist, Reg. No. 44404-061, an inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") refusal to consider him for placement in a community corrections center ("CCC"), also known as a residential reentry center ("RRC"), within 17-19 months of release and BOP's refusal to consider him for additional placement time as an incentive.

    2.  Petitioner asserts that, although he sought informal relief by submitting a BP-8 and he plans to submit a BP-9 if needed, exhaustion "in this case would be futile because

petitioner only has less than 12 months until release, and requiring petitioner to exhaust would subject him to 'irreparable injury' because he would lose even more time in an R.R.C. working at a job, if the court requires full exhaustion." (Docket Entry #1, p. 1.)

3. The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. See 18 U.S.C. § 3624(c).

4. Petitioner does not assert whether the BOP has determined his placement date, nor does he assert any facts with respect to the nature and circumstances of his offense, his history and characteristics, and any statement by the sentencing court. The online Inmate Locator of the BOP indicates that Petitioner's projected release date is May 19, 2012.

5. The Habeas Rules require the assigned judge to review a habeas petition prior to ordering an answer and to sua sponte dismiss the petition under certain circumstances:

> The clerk must promptly forward the petition
> to a judge under the court's assignment
> procedure, and the judge must promptly
> examine it. If it plainly appears from the

> petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

    6.   The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

3

7. The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement," including the BOP's failure to timely consider an inmate's CCC placement date. 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id.

8. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

9.   Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

10.  Petitioner expressly states that he did not exhaust administrative remedies.  However, Petitioner has not shown that exhaustion would be futile or that the purposes of exhaustion would not be served in his case.  This Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies as futile or otherwise.  See Brown v. Grondolsky, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to

exhaust where petitioner argued that exhaustion was unavailable because the warden did not consider any inmates for a 12-month CCC placement); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

    11. Because the face of the Petition establishes that Petitioner failed to exhaust administrative remedies regarding his CCC placement and because Petitioner has not shown that the failure to exhaust should be excused, this Court will dismiss the Petition for failure to exhaust administrative remedies. See Lindsay v. Williamson, 271 Fed. App'x. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

    12. An appropriate Order accompanies this Opinion.

                                     s/ Jerome B. Simandle
                                     **JEROME B. SIMANDLE, U.S.D.J.**

Dated:     **June 13**    , **2011**